Mark E. Lowary, Esq. (SBN: 168994)
Brian T. Gravdal, Esq. (SBN: 239393)
BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP
3890 Tenth Street
Riverside, California 92501
Telephone: (951) 682-8300
Facsimile: (951) 682-8331

Attorneys for Defendant
CARS RECOVERY, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

KEVIN NGUYEN,

      Plaintiff,

vs.

CARS RECOVERY, INC. and DOES
1 through 10, Inclusive,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: 16-CV-06811-GHK-MRW

*[Assigned to Hon. George H. King]*

**DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO RULE
12(B)(6)**

Complaint Filed: September 15, 2016

TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE that on December 12, 2016 at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 650 of the above-entitled Court, located at 255 E. Temple St., 6th Floor, Los Angeles, California 90012-4701, Defendant CARS RECOVERY, INC., ("Defendant") will and hereby does move this court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiff's Complaint.

     By this Motion, the Defendant seeks an order granting their Motion to Dismiss without leave to amend the entirety of Plaintiff's Complaint on the following bases: The Defendant is a repossession agency and is not a "debt collector" for purposes of the Fair

1  Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*), and thus, the Complaint should

2  be dismissed. Fed. R. Civ. Proc. §12(b)(6).

3       This motion is made following the conference of counsel pursuant to L.R. 7-3

4  which took place on October 4, 2016 and October 13, 2016.

5

6  Dated: October 18, 2016          BERMAN BERMAN BERMAN

7                                    SCHNEIDER & LOWARY, LLP

8

9                          By:_____

10                             MARK E. LOWARY, ESQ.

11                             BRIAN T. GRAVDAL, ESQ.

12                             Attorneys for Defendant
                               CARS RECOVERY, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\DATA\R1181.01\PLEADS\OUR PLDG\MX TO DISMISS.DOC

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This action arises from an alleged wrongful repossession of a vehicle leased by Plaintiff KEVIN NGUYEN. Plaintiff filed his Complaint on September 10, 2016. The Defendant, CARS RECOVERY, INC., is a repossession agency, and by this Motion, Defendant argues it is not a "debt collector" for purposes of the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*), and thus, the Complaint should be dismissed. Fed. R. Civ. Proc. §12(b)(6).

The Plaintiff alleges that the Defendant "repossessed plaintiff's vehicle by entering private property which was secured by a gate, without permission," and therefore, Defendant "breached the peace in conducting the repossession." (See Plaintiff's Complaint (**Exhibit A**), ¶ 2).

No other facts are alleged, including the alleged date of the repossession. For this additional reason, Plaintiff's Complaint is hopelessly vague and ambiguous, and therefore it fails to state a claim upon which relief may be granted. Fed. R. Civ. Proc. §12(b)(6).

## II.

## LEGAL STANDARDS GOVERNING A MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

1  inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that
2  offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause
3  of action will not do." *Id.* (internal quotation marks omitted).

4      "Allegations in the complaint, together with reasonable inferences therefrom, are
5  assumed to be true for purposes of the motion." *Odom v. Microsoft Corp.,* 486 F. 3d
6  541, 545 (9th Cir. 2007). However, the court is not "required to accept as true
7  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
8  inferences." *Sprewell v. Golden State Warriors,* 266 F. 3d 979, 988, opinion amended on
9  denial of reh'g, 275 F. 3d 1187 (9th Cir. 2001).

10     Finally, dismissal with prejudice and without leave to amend is appropriate
11  "[when it is clear] the complaint [can]not be saved by amendment." *Eminence Capital,*
12  *LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051-52 (9th Cir. 2003). Leave to amend should
13  not be given in the presence of a "repeated failure to cure deficiencies" or "futility." *Id.*

14                                     **III.**

15  **THE DEFENDANT IS NOT A "DEBT COLLECTOR" FOR PURPOSES OF**
16              **THE FAIR DEBT COLLECTION PRACTICES ACT**

17     Plaintiff's sole cause of action is a statutory one premised upon the FDCPA. 15
18  U.S.C. §1692 *et seq.* In order to be liable under the FDCPA, the Defendant must be a
19  "debt collector" as defined in the Act. As stated above, the Defendant is a repossession
20  agency, and for the reasons that follow, it is not a "debt collector," and therefore,
21  Plaintiff's Complaint should be dismissed.

22     Courts have held that "Congress intended an enforcer of a security interest, such
23  as a repossession agency, to fall outside the ambit of the FDCPA except for the
24  provisions of §1692f(6)." *Burling v. Windsor Equity Group,* 2012 U.S. Dist. LEXIS
25  159280 (C.D. Cal. Oct. 18, 2012) (citing *Pflueger v. Auto Finance Group, Inc.,* No. CV-
26  97-9499 CAS(CTX), 1999 U.S. Dist. LEXIS 16701, 1999 WL 33740813 (C.D. Cal.
27  April 26, 1999); see also *Lee v. Toyota Motor Sales USA Inc.,* 2016 U.S. Dist. LEXIS
28

1  120102 (N.D. Cal. Sept. 6, 2016) ("[A] repossession agency generally is not considered
2  to be a 'debt collector'…").

3        Under §1692f(6), repossession agencies and other enforcers of security interests
4  are prohibited from taking or threatening to take any nonjudicial action to effect
5  dispossession or disablement of property if (a) there is no present right to possession of
6  the property claimed as collateral through an enforceable security interest; (b) there is no
7  present intention to take possession of the property; or (c) the property is exempted by
8  law from such dispossession or disablement. 15 U.S.C. §1692f(6). *Brooks v. Leon's*
9  *Quality Adjusters, Inc.,* 2016 U.S. Dist. LEXIS 116803 (E.D. Cal. Aug. 29, 2016).

10       Plaintiff alleges the Defendant is a "debt collector" because it breached the peace
11  in effecting repossession. (Exhibit A, ¶ 2). The California Commercial Code provides a
12  right of repossession for secured creditors. Section 9609 states that "after default, a
13  secured party may … take possession of the collateral … without judicial process, if it
14  proceeds without breach of the peace." Cal. Com. Code §9609(a)(1), (b)(2). See also
15  *Meyers v. Redwood City,* 400 F.3d 765, 767 (9th Cir. Cal. 2005).

16       Here, the vague allegations of Plaintiff's Complaint demonstrate there was no
17  breach of the peace. He alleges, ambiguously, that the Defendant "repossessed plaintiff's
18  vehicle by entering private property which was secured by a gate, without permission."
19  (Exhibit A, ¶ 2). However, under California law, mere entry upon the property of
20  another, even if a trespass, to take possession of property is not sufficient to establish a
21  breach of the peace occurred. *Brooks, supra,* 2016 U.S. Dist. LEXIS 116803, *42.
22  Therefore, with nothing more, the Defendant is not a "debt collector" for purposes of the
23  FDCPA.
24  ///
25  ///
26  ///
27  ///
28

Motion to Dismiss Plaintiff's Complaint (12(B)(6))

1  ///

2  ///

3  ///

4                              IV.

5                         **CONCLUSION**

6        For all of the reasons stated herein, Plaintiff's Complaint fails to state facts

7  sufficient to state a claim under the FDCPA. Accordingly, the Plaintiff's Complaint

8  should be dismissed pursuant to Fed. R. Civ. Proc. §12(b)(6).

9

10  DATED: October 18, 2016                    BERMAN BERMAN BERMAN

11                                             SCHNEIDER & LOWARY, LLP

12

13

14                                   By:_____

15                                        MARK E. LOWARY, ESQ.
                                          BRIAN T. GRAVDAL, ESQ.
16                                        Attorneys for Defendant
                                          CARS RECOVERY, INC.
17

18

19

20

21

22

23

24

25

26

27

28

F:\DATA\R1181.01\PLEADS\OUR PLDG\MX TO DISMISS.DOC

6

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Mark E. Lowary, Esq. (SBN:168994)
Brian T. Gravdal, Esq.(SBN:239393)
Berman Berman Berman Schneider & Lowary, LLP
3890 Tenth St., Riverside, CA 92501

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN NGUYEN<br><br><center>PLAINTIFF(S),</center><br><center>v.</center><br>CARS RECOVERY, INC., and DOES 1<br>through 10, Inclusive<br><br><center>DEFENDANT(S).</center> | CASE NUMBER<br><br>16-cv-06811-GHK-MRW<br><br><br>**PROOF OF SERVICE - ACKNOWLEDGMENT<br>OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of
Riverside                                                                   , State of California, and not a
party to the above-entitled cause. On October 18,                         , 20 16          , I served a true copy of
Defendant's Motion to dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6)
by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by
depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:
(list names and addresses for person(s) served.  Attach additional pages if necessary.)

Place of Mailing: 3890 Tenth St., Riverside, CA 92501
Executed on 10/18                          , 20 16         at Riverside                          , California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of
   California.

☒ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the
   service was made.

☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

*Signature of Person Making Service*

# ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____          _____
*Signature*                                *Party Served*

1

**Service List**

2

3
*Kevin Nguyen v. Cars Recovery, Inc., et al.,*
USDC – Central District
Case No:16-CV-06811-GHK-MRW

4

5
Alexander B. Trueblood, Esq.
TRUEBLOOD LAW FIRM
6
10940 Wilshire Blvd., Ste. 1600
Los Angeles, CA 90024
7
alec@hush.com
Telephone: (310) 443-4139
8
Facsimile: (310) 943-2255
**Attorneys for Plaintiff**
9
**KEVIN NGUYEN**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\DATA\R1181.01\PLEADS\OUR PLDG\MX TO DISMISS.DOC

7