Mark E. Lowary, Esq. (SBN: 168994)
Brian T. Gravdal, Esq. (SBN: 239393)
BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP
3890 Tenth Street
Riverside, California 92501
Telephone: (951) 682-8300
Facsimile: (951) 682-8331

Attorneys for Defendant
CARS RECOVERY, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN NGUYEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CARS RECOVERY, INC. and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | CASE NO: 16-CV-06811-GHK-MRW<br><br>*[Assigned to Hon. George H. King]*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br>Complaint Filed: September 15, 2016<br><br>Date:　December 12, 2016<br>Time:　9:30 a.m.<br>Dept:　650 |

　　　　NOW COMES the Defendant, CARS RECOVERY, INC. ("Defendant"), by and through its counsel of record, and for its Reply in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), states as follows:

**I.**

## THE DEFENDANT IS NOT A "DEBT COLLECTOR" FOR PURPOSES OF THE FAIR DEBT COLLECTION PRACTICES ACT

　　　　Under §1692f(6), the sole statutory authority upon which Plaintiff's cause of action is premised, repossession agencies and other enforcers of security interests are

prohibited from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (a) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (b) there is no present intention to take possession of the property; or (c) the property is exempted by law from such dispossession or disablement. 15 U.S.C. §1692f(6); *Brooks v. Leon's Quality Adjusters, Inc.*, 2016 U.S. Dist. LEXIS 116803 (E.D. Cal. Aug. 29, 2016).

In support of his argument that the Defendant is a "debt collector," Plaintiff alleges only a single, 16-word sentence. There are no other factual allegations in Plaintiff's Complaint to support his opposition to the Defendant's Motion. Plaintiff alleges only this: "Defendants [sic] repossessed plaintiff's vehicle by entering private property which was secured by a gate, without permission." (Plaintiff's Complaint, ¶ 2). There is nothing more.

The California Commercial Code provides a right of repossession for secured creditors. Section 9609 states that "after default, a secured party may ... take possession of the collateral ... without judicial process, if it proceeds without breach of the peace." Cal. Com. Code §9609(a)(1), (b)(2); see also *Meyers v. Redwood City,* 400 F.3d 765, 767 (9th Cir. Cal. 2005).

In his opposition, Plaintiff relies on two arguments: (i) that the Defendant violated §7508.2(d) of the California Business & Professions Code; and (ii) that the Defendant committed a breach of the peace by "entering private property which was secured by a gate, without permission."

First, the moving Defendant is not aware of and could not find *any* authority for the proposition that a violation of §7508.2(d) (which only provides for the assessment of an administrative fine) equates to a violation of Cal. Comm. Code §9609 (*i.e.,* that an alleged violation of §7508.2(d) automatically requires a finding that a "breach of the peace" has occurred), or that such a violation gives rise to liability under 15 U.S.C. 1692f(6). Neither has Plaintiff cited any such authority.

Second, Plaintiff's Complaint is bereft of facts demonstrating that the Defendant committed a breach of the peace in violation of Cal. Comm. Code 9609(b)(2). The *only California case* cited by Plaintiff in support of his position is *Henderson*, 72 Cal. App. 3d 764, a case from 1977. In that case, however, the repossessing agents broke a lock to enter plaintiff's garage. There are no similar allegations in this case, and therefore, *Henderson* is of no import. Here, Plaintiff alleges, laconically, that Defendant repossessed the vehicle by "entering private property which was secured by a gate, without permission." (Plaintiff's Complaint, ¶ 2). There are no facts demonstrating physical destruction of property, breaking of locks, physical altercations, *etc.*

Of the other cases cited by Plaintiff, none is from California and none applies California law. Moreover, the majority of these cases involve breaking of locks, "breaking" into property, entering through windows, facts which are inapposite to the facts of this case. Here, Plaintiff alleges only that the property upon which the vehicle was located had a gate. Without more, Plaintiff's allegations fail to state a claim upon which relief can be granted under §1692f(6).

As stated in Defendant's Motion, under California law, mere entry upon the property of another, *even if a trespass*, to take possession of property is not sufficient to establish a breach of the peace occurred. *Brooks, supra,* 2016 U.S. Dist. LEXIS 116803, *42. In fact, the court in *Brooks* took opportunity to distinguish and deflate the relevancy of *Henderson*, the only California case relied upon by Plaintiff in the case *sub judice*.

The *Brooks* court stated: "Instead, the [Henderson] court determined ***only*** that the unlawful entry by breaking the lock on the garage door where the car was stored constituted a conversion and, therefore, there was a breach of the peace." *Brooks,* *42 (also citing *Hartford Financial Corp. v. Burns,* 96 Cal. App. 3d 591, 600 (1979) ("The only rule of law to be deduced from *Henderson* is simply that the right to immediate possession by a secured party upon default must be effectuated through judicial action rather than self-help ***if force or threats of force are necessary*** to secure possession of

the collateral without judicial intervention.")) (emphasis added). Thus, *Brooks* properly limits the application of *Henderson* in these cases and also renders *Henderson* inapplicable in the present case.

## II.

## CONCLUSION

For all of the reasons stated herein, Plaintiff's Complaint fails to state facts sufficient to state a claim under the FDCPA. Accordingly, the Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Proc. §12(b)(6).

DATED: November 28, 2016

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP

By:_____
MARK E. LOWARY, ESQ.
BRIAN T. GRAVDAL, ESQ.
Attorneys for Defendant
CARS RECOVERY, INC.

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Mark E. Lowary, Esq. (SBN:168994)
Brian T. Gravdal, Esq.(SBN:239393)
Berman Berman Berman Schneider & Lowary, LLP
3890 Tenth St., Riverside, CA 92501

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| KEVIN NGUYEN | CASE NUMBER |
|---|---|
| PLAINTIFF(S), | 16-cv-06811-GHK-MRW |
| v. | |
| CARS RECOVERY, INC., and DOES 1 through 10, Inclusive | **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |
| DEFENDANT(S). | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Riverside_____, State of California, and not a party to the above-entitled cause. On _November 28_____, 20_16_____, I served a true copy of _Defendant's Reply in Support of its Motion to dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6)_____ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: _3890 Tenth St., Riverside, CA 92501_____
Executed on _11/28_____, 20_16_____ at _Riverside_____, California.

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☒ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
Signature of Person Making Service

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____        _____
Signature                                Party Served

CV-40 (01/00)        PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE

**Service List**

*Kevin Nguyen v. Cars Recovery, Inc., et al.,*
USDC – Central District
Case No:16-CV-06811-GHK-MRW

Alexander B. Trueblood, Esq.
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Ste. 1600
Los Angeles, CA 90024
alec@hush.com
Telephone: (310) 443-4139
Facsimile: (310) 943-2255
**Attorneys for Plaintiff
KEVIN NGUYEN**

F:\DATA\R1181.01\SERVICE LIST - POS.DOC

1

CAPTION