1  ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone: (310) 443-4139
   Facsimile: (310) 943-2255
4
   Attorneys for Plaintiff
5  KEVIN NGUYEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN NGUYEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CARS RECOVERY, INC., and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No: 16-CV-06811-FMO-MRW<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

COMPLAINT

Plaintiff Kevin Nguyen hereby complains against defendants CARS Recovery, Inc., and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff leased an automobile on credit, which was financed by a lender, BMW Financial Services. BMW Financial Services took a security interest in the vehicle, which was collateral for the obligations under the lease. BMW Financial Services, either directly or through a third party repossession forwarder, hired defendant CARS Recovery, Inc. to conduct a repossession of plaintiff's vehicle.

2. Plaintiff's private apartment complex is secured by a fence and motorized gate. The motorized gate opens only for residents, who must use a remote-control "clicker" in order to enter or exit. When the gate shuts, it is locked into place and cannot be opened except by those in possession of a remote. Defendants had no such remote. In order to repossess plaintiff's vehicle, defendants unlawfully breached either the gate or the fence at plaintiff's secured apartment complex, without the owner's permission. Accordingly, defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 10525(c) and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

## JURISDICTION AND VENUE

3. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

5. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

6. Defendant CARS Recovery, Inc. is a California corporation.

7. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

8. Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

9. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

10. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

11. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such

2

dispossession or disablement.

12. Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

13. Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k. Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA. The nature of defendants' violations justifies the maximum statutory damages award available.

14. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For statutory damages;
3. For pre-judgment interest to the extent permitted by law;
4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: February 1, 2017

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
      Alexander B. Trueblood

Attorneys for Plaintiff
KEVIN NGUYEN