1  Mark E. Lowary, Esq. (SBN: 168994)
   Brian T. Gravdal, Esq. (SBN: 239393)
2  BERMAN BERMAN BERMAN
   SCHNEIDER & LOWARY, LLP
3  3890 Tenth Street
   Riverside, California 92501
4  Telephone: (951) 682-8300
   Facsimile: (951) 682-8331
5

6  Attorneys for Defendant
   CARS RECOVERY, INC.
7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11                                    )   CASE NO: 16-CV-06811-GHK-MRW
   KEVIN NGUYEN,                      )
12                                    )   *[Assigned to Hon. Fermando M. Olguin]*
              Plaintiff,              )
13 vs.                                )   **ANSWER TO FIRST AMENDED**
                                      )   **COMPLAINT**
14 CARS RECOVERY, INC. and DOES       )
   1 through 10, Inclusive,           )
15                                    )   Complaint Filed: September 15, 2016
              Defendants.             )
16                                    )
                                      )
17 ────────────────────────────────── )

18      COMES NOW Defendant CARS RECOVERY, INC. ("Defendant"), in answer to

19 the First Amended Complaint ("FAC") of KEVIN NGUYEN ("Plaintiff"), on file

20 herein, for itself alone, and hereby alleges as follows:

21                        **OPERATIVE FACTS**

22      1.      The Defendant admits the allegations contained in paragraph 1 of Plaintiff's

23 FAC.

24      2.      The Defendant denies that it "unlawfully breached either the gate or the

25 fence." The Defendant denies that it "breached the peace in conducting the repossession

26 of plaintiff's vehicle in violation" of the cited statutes. With respect to the remaining

27 allegations in such paragraph, the Defendant denies information sufficient to form a

28

F:\DATA\R1181.01\PLEADS\OUR PLDG\ANSWER (NGUYEN).DOC

                            1

belief as to the truth of the remaining allegations in paragraph 2, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

### JURISDICTION AND VENUE

3.     The Defendant admits the allegations contained in paragraph 3 of Plaintiff's FAC, except there are no state law claims asserted for purposes of supplemental jurisdiction.

4.     The Defendant admits the allegations contained in paragraph 4 of Plaintiff's FAC.

### PARTIES

5.     The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 5 of Plaintiff's FAC, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

6.     The Defendant admits the allegations contained in paragraph 6 of Plaintiff's FAC.

7.     The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's FAC, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

8.     The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's FAC, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

### FIRST CAUSE OF ACTION

9.     The Defendant incorporates its answer to paragraphs 1 through 8 to the extent Plaintiff realleges and incorporates the allegations of such paragraphs in paragraph 9 of Plaintiff's FAC.

10.     The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's FAC, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

11.  The Defendant denies the allegations contained in paragraph 11 of Plaintiff's FAC.

12.  The Defendant denies the allegations contained in paragraph 12 of Plaintiff's FAC.

13.  The Defendant denies the allegations contained in paragraph 13 of Plaintiff's FAC.

14.  The Defendant denies the allegations contained in paragraph 14 of Plaintiff's FAC.

## FIRST AFFIRMATIVE DEFENSE

15.  The FAC and each purported cause of action therein, fails to state a claim upon which relief may be granted. Fed. R. Civ. Proc. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

16.  The Plaintiff is estopped by his own conduct from asserting the allegations in the FAC.

## THIRD AFFIRMATIVE DEFENSE

17.  The Plaintiff's claims herein are barred by the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE

18.  Defendant is informed and believes and thereon alleges that the Plaintiff or his representatives, agents or employees authorized, consented to or ratified all actions by Defendant which allegedly caused or contributed to the Plaintiff's damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

19.  Defendant is informed and believes and thereon alleges that the FAC, and each and every purported cause of action, is unenforceable in that the Plaintiff has voluntarily and knowingly waived and released each and all of his rights and causes of action against this answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

20.     Defendant is informed and believes and thereon alleges that any purported damages allegedly caused by Defendant are subject to a setoff either partially or in the full amount of the Plaintiff's purported damages.  This affirmative defense is alleged in the hypothetical and is not intended to admit that Plaintiff has suffered any damages.

## SEVENTH AFFIRMATIVE DEFENSE

21.     Defendant is informed and believes and thereon alleges that the FAC herein, and each and every purported cause of action, is barred by reasons of acts, omissions, representations and courses of conduct of the Plaintiff which Defendant was led to rely on to their detriment thereby barring, under the doctrine of equitable estoppel, any causes of action asserted by the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

22.     At all times herein mentioned, Plaintiff knew the risks of injury and damages involved in their actions and conduct, and with full knowledge of such risks and appreciating the dangers thereof, nevertheless voluntarily assumed such risks; that by this reason, Plaintiff is barred form recovery herein.

## NINTH AFFIRMATIVE DEFENSE

23.     Plaintiff was engaged in conduct that constituters a waiver of his rights under the contract (lease agreement) alleged in the FAC. By reason of said waiver, Defendant is not liable to the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

24.     Plaintiff has suffered no damages as a result of any act or omission of the Defendant. Plaintiff's vehicle was returned to him and upon information and belief he remains in possession of the subject vehicle.

## ELEVENTH AFFIRMATIVE DEFENSE

25.     The Defendant is not a "debt collector" for purposes of the Fair Debt Collection Practices Act (15 U.S.C. §§1692 *et seq.*).

## TWELFTH AFFIRMATIVE DEFENSE

26.     The Defendant did not breach any provision of the California's Commercial Code or Business & Professions Code as alleged in the FAC and at no time breached the peace as alleged in the FAC. The Defendant was, at all times, lawfully upon the premises where the repossession occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

27.     Pursuant to the lease agreement between Plaintiff and BMW, as alleged in the FAC, Plaintiff's claims in the FAC are barred by hold harmless provisions in the subject agreement and Plaintiff's permission for Defendant to enter the premises based upon a security interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

28.     The Defendant reserves the right to amend this Answer and assert additional affirmative defenses should grounds arise during discovery.

**WHEREFORE**, having fully answered, this answering Defendant prays:

1.     That Plaintiff take nothing by virtue of his FAC;

2.     That judgment be entered in favor of this answering Defendant, and against Plaintiff;

3.     That this answering Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

4.     For such other and further relief as the Court deems proper.

DATED: February 15, 2017

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP

By:_____
MARK E. LOWARY, ESQ.
BRIAN T. GRAVDAL, ESQ.
Attorneys for Defendant
CARS RECOVERY, INC.

F:\DATA\R1181.01\PLEADS\OUR PLDG\ANSWER (NGUYEN).DOC

5

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Mark E. Lowary, Esq. (SBN:168994)
Brian T. Gravdal, Esq.(SBN:239393)
Berman Berman Berman Schneider & Lowary, LLP
3890 Tenth St., Riverside, CA 92501

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| KEVIN NGUYEN | CASE NUMBER |
|---|---|
| PLAINTIFF(S), | 16-cv-06811-GHK-MRW |
| v. | |
| CARS RECOVERY, INC., and DOES 1 through 10, Inclusive | **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |
| DEFENDANT(S). | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Riverside _____, State of California, and not a party to the above-entitled cause. On February 15, _____, 20 17 _____, I served a true copy of Answer to First Amended Complaint _____

by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served.  Attach additional pages if necessary.)

Place of Mailing: 3890 Tenth St., Riverside, CA 92501 _____

Executed on 2/15 _____, 20 17 _____ at Riverside _____, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☒ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
*Signature of Person Making Service*

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____              _____
*Signature*                                                    *Party Served*

**Service List**

*Kevin Nguyen v. Cars Recovery, Inc., et al.,*
USDC – Central District
Case No:16-CV-06811-GHK-MRW

Alexander B. Trueblood, Esq.
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Ste. 1600
Los Angeles, CA 90024
alec@hush.com
Telephone: (310) 443-4139
Facsimile: (310) 943-2255
**Attorneys for Plaintiff**
**KEVIN NGUYEN**

F:\DATA\R1181.01\SERVICE LIST - POS.DOC

1

CAPTION